UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20169-5-CR-MARTINEZ/GOODMAN

UNITED STATES OF AMERICA

v.

HUMBERTO VALDES GONZALEZ,

    Defendant.
_____/

## REPORT AND RECOMMENDATIONS ON CHANGE OF PLEA

    United States District Court Judge Jose E. Martinez referred to the Undersigned a change of plea hearing for the acceptance of the defendant's guilty plea. [ECF No. 81]. The Undersigned conducted a hearing and recommends the following to the District Court:

    1.    On July 21, 2015, the Undersigned convened a hearing to permit the defendant to enter a change of plea. The Undersigned advised the defendant of the right to have these proceedings conducted by the District Judge assigned to the case. Further, the Undersigned advised the defendant that the Undersigned was conducting the change of plea hearing on an Order of Reference from the District Court and with the agreement of the defendant, the defendant's attorney, and the Assistant United States Attorney assigned to this case. The Undersigned further advised the defendant that the District Judge assigned to this case would be the sentencing judge and would

make all findings and rulings concerning the defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

2. The defendant, the defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record to the Undersigned conducting the change of plea hearing.

3. The Undersigned conducted a plea colloquy in accordance with Rule 11 of the Federal Rules of Criminal Procedure.

4. There is a written plea agreement that has been entered into by the parties in this case. The Undersigned reviewed the plea agreement on the record and had the defendant acknowledge that the defendant signed the plea agreement. The Undersigned made certain that the defendant was aware of any minimum mandatory sentences and maximum sentences which could be imposed in this case pursuant to the plea agreement and the applicable statutes.

5. The defendant pled guilty to Count 2 of the Indictment. Count 2 charges the defendant with Conspiracy to Commit Kidnapping, in violation of Title 18, United States Code, Section 120(c).

6. Through a written factual proffer signed by the defendant, the government stated a factual basis for the entry of the plea, which included all of the essential elements of the crime to which the defendant is pleading guilty, and any sentencing enhancements and/or aggravating factors that may be applicable. The

defendant acknowledged the accuracy of the factual proffer and acknowledged his guilt and knowing participation in the alleged crime.

7. The defendant further agreed that under the plea agreement he would forfeit all his interest in property which constitutes or is derived from proceeds that are traceable to his illegal activities.

8. Based upon all of the foregoing and the plea colloquy conducted by the Undersigned, the Undersigned respectfully recommends to the District Court that the defendant be found to have freely and voluntarily entered a guilty plea as to Count 2 of the Indictment, and that the defendant be adjudicated guilty as to Count 2 of the Indictment.

9. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office, and sentencing has been set for <u>September 29, 2015 at 2:00 p.m., at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Courtroom 10-1, Miami, Florida</u>.

**ACCORDINGLY,** the Undersigned respectfully recommends to the District Court that the defendant's plea of guilty be accepted, the defendant be adjudicated guilty of the offenses to which a plea of guilty has been entered, and that a sentencing hearing be conducted for final disposition of this matter.

The parties shall have 7 days from the date of this Report and Recommendations to serve and file written objections, if any, with the Honorable Jose E. Martinez, United

States District Judge assigned to this case. Each party may file a response to the other party's objection within 3 days of the objection. Failure to file timely objections waives a party's right to review issues related to the defendant's plea under Federal Rule of Criminal Procedure 11 before the District Judge or the Court of Appeals (even under a plain error standard). *See* Fed. R. Crim. P. 59(b)(1), (2), cited in *United States v. Lewis*, 492 F.3d 1219, 1222 (11th Cir. 2007) (en banc).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, July 22, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Jose E. Martinez
All Counsel of Record
United States Probation